```
JEREMY D. WARREN
California State Bar Number 177900
105 West F Street, Fourth Floor
San Diego, California 92101
Tel: (619) 234-4433
Email: jw@jwarrenlaw.com

Attorney for Mr. Velazquez
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 12cr1376-W |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Motion for Discovery and for |
| v. | ) | Leave to File Further Motions |
| | ) | |
| EUGENIO Velazquez, | ) | |
| | ) | |
| Defendant. | ) | |

**I.**

**Introduction and Statement of Facts**

Mr. Velazquez is charged with importation of cocaine, 21 U.S.C. §§ 952 and 960. He files the instant motion to compel the production of discovery.

**II.**

**Motion to Compel Discovery/Preserve Evidence**

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) <u>The Defendants Statements</u>. Mr. Velazquez requests disclosure of <u>all</u> copies of any written or recorded statement made by him or any codefendants; any written record containing the substance of any oral statements made by him or any codefendant and any written summaries of his or any codefendant's oral statements contained in the handwritten or rough notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given by him or any codefendant; any response by any defendant

to interrogation; as well as any other statements by the defendants.  Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>.  Mr. Velazquez also specifically requests the government turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material.  Fed. R. Crim. P. 16(a)(1)(A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant.  Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(I).

(3) <u>Criminal Record</u> Evidence of a defendant's criminal record is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence of other "similar" acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609;  Mr. Velazquez requests all rap sheets and any other evidence discoverable under these rules.  Mr. Velazquez requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government.  He makes an identical request for all pertinent records of all co-defendants, former co-defendants and government witnesses including informants.

(4) <u>Evidence Seized</u>.  Mr. Velazquez requests production of evidence seized as a result of any search, either with or without a warrant.  Fed. R. Crim. P. 16(a)(1)(C).

(5) <u>Tangible Objects</u>.  Mr. Velazquez requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, alleged narcotics or narcotics related items, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(C).

(6) <u>Request for Preservation of Evidence</u>.  Mr. Velazquez specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.  This request includes, but is not limited to seized weapons, alleged contraband (*see* § II(5), *supra*)

2

1 and vehicles, the results of any fingerprint analysis, Mr. Velazquez's personal effects, and any evidence
2 seized from the defendant or any other party.
3         (7) <u>Reports Of Examinations And Tests</u>.  Mr. Velazquez requests the opportunity to inspect and
4 copy any reports of physical and mental examinations and any scientific tests which are material to the
5 preparation of the defense or intended for use in the government's case-in-chief.  Fed. R. Crim. P.
6 16(a)(1)(D).
7         (8) <u>Expert Witnesses</u>.  Mr. Velazquez requests the name, qualifications, and a written summary
8 of the opinion/testimony and bases thereon of any person that the government intends to call as an expert
9 witness.  Fed. R. Crim. P. 16(a)(1)(E).
10        (9) <u>Brady Material</u>.  Mr. Velazquez requests all documents, statements, agents' reports, and
11 tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the
12 government's case, or which may result in a lower sentence under the United States Sentencing
13 Guidelines.  Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of
14 evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>,
15 427 U.S. 97 (1976).  Mr. Velazquez specifically requests all favorable <u>Brady</u>/<u>Giglio</u> material that is
16 admissible or likely to lead to admissible evidence.  <u>United States v. Price</u>, 566 F.3d (9th Cir. 2009).
17        (10)  <u>Giglio Information</u>.  Mr. Velazquez requests all statements and/or promises, express or
18 implied, made to any government witnesses in exchange for their testimony in this case, and all other
19 information which could arguably be used for the impeachment of any government witnesses.  <u>Giglio v.
20 United States</u>, 405 U.S. 150 (1972); accord <u>Price</u>, supra, 566 F.3d 900 (9th Cir. 2009).
21        (11)  <u>Informants and Cooperating Witnesses</u>.  Mr. Velazquez requests disclosure of the name(s),
22 address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially
23 to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this
24 case or otherwise participated in the crime charged.  <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957).
25 The government must disclose any information derived from informants which exculpates or tends to
26 exculpate the defendant.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  The government must disclose any
27 information indicating bias on the part of any informant or cooperating witness.  <u>Id</u>.  Mr. Velazquez also
28 requests that the government disgorge any information in its possession regarding other parties culpable in

this matter as these individuals are highly relevant and material to Mr. Velazquez's defense.

(12) <u>Jencks Act Material</u>.  Mr. Velazquez requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(13) <u>Any Potential 404(b)/609 Evidence</u>.  Mr. Velazquez requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or rebuttal.  Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b).  Mr. Velazquez requests such notice well before trial in order to give the defense time to investigate and prepare for trial.

(14) <u>Any Information That May Result In A Lower Sentence Under The Guidelines</u>  As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83(1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.  Additionally, Mr. Velazquez specifically requests any evidence the government intends to use at sentencing to establish his status as a career offender or for any other enhancement to his sentence;

(15) <u>Evidence of Bias or Motive to Lie</u>  Mr. Velazquez requests any evidence that any prospective government witness, including a cooperating defendant, is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);

(16) <u>Impeachment evidence</u>  Mr. Velazquez requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such

evidence is discoverable under Brady v. Maryland, supra.  See United States v. Strifler, 851 F.2d 1197(9th Cir. 1988)(witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

(17) Evidence of Criminal Investigation of Any Government Witness  Mr. Velazquez requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

(18) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling  Mr. Velazquez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(19) Witness Addresses  Mr. Velazquez requests the name and last known address of each prospective government witness.  See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

(20) Name of Witnesses Favorable to the Defendant  Mr. Velazquez requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(21) Statements Relevant to the Defense  Mr. Velazquez requests disclosure of any statement that may be "relevant to any possible defense or contention" that whe might assert.  United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(22) <u>Personnel Records of Government Officers Involved in the Arrest</u>  Mr. Velazquez requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of such <u>Henthorn</u> documents, defense counsel will not be able to procure then from any other source;

(23) <u>Prosecutor's Duty to Inspect Agent's Files</u>  Mr. Velazquez requests that the court order the prosecutor to <u>personally</u> review the personnel files of the agents involved.

(24) <u>Release of Evidence for Defense Testing</u>.  Mr. Velazquez requests that the government release to his designated expert all items seized so that the defense may conduct independent testing of the items.

(25) <u>Subpoena, Intercept and Warrant Information and Evidence</u>.  Mr. Velazquez requests a copy of all electronic interception orders, search warrants and subpoenas (whether state or federal, whether written or telephonic, and including recordings or transcripts of telephonic applications), and related applications for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related to this case.  He also requests copies of all documents provided to or seized by the government pursuant to such court-authorized orders.  He requests copies of all recordings made by the government made pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

(26) <u>Residual Discovery/All Other Relevant Materials</u> Mr. Velazquez intends for this motion to cover the full extent of discoverable material.  He therefore requests that the government be required to disgorge all other discoverable material which he otherwise has failed to request.

### III.

### Mr. Velazquez Seeks Leave to File Further Motions

Upon review of the discovery, Mr. Velazquez requests an opportunity to file further, substantive motions.

### IV.

### Conclusion

For the reasons stated above, the defendant, Mr. Velazquez respectfully requests that this Court grant the above-requested motions.

Respectfully submitted,

/s Jeremy D. Warren

Dated: May 9, 2012

JEREMY D. WARREN
Attorney for Defendant Mr. Velazquez

# PROOF OF SERVICE

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA. I am over eighteen years of age. My business address is 105 West F Street, Fourth Floor San Diego, CA 92101.

On May 9, 2012, I personally served the following documents:

**Notice of Motion and Motion for Discovery and for Leave to File Further Motions**

on the below attorneys by electronic filing:

Assistant United States Attorney Melissa Meister.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 9, 2012 at San Diego, CA.

/s Jeremy Warren

_____
Jeremy D. Warren